# 11-2804-cr

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

### UNITED STATES OF AMERICA,

Appellee,

-v.-

### CHRISTIAN GATON,

Defendant - Appellant,

Jorge Abreu, Rudy Palma, Rafael Figueroa, AKA Rafael Beato, AKA Liro, AKA Camaron, Jose Hidalgo, AKA C.O. Shield 11440 Jose Rosario, AKA Jose Amaurys, Jimmy Ortiz, Pedro Ventura, Roberto Cristian Urena Almonte, AKA Villa Lona, AKA Christian Urena, AKA Roberto Almonte, Leocadio Hidalgo, AKA C.O. Leo, Leonardo Roque-Santana, AKA Luis M. Mendoza, Guillermo Delacruz, Quilvio Santana, AKA Mayimbe, Victor Diaz, AKA White Horse, Jeffrey Blake, Humberto Sanchez, AKA Chamo, Defendants.

### ON APPEAL FROM A JUDGMENT OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

## APPENDIX
## PART 3

Joyce C. London, Esq.
JOYCE C. LONDON, P.C.
*Attorney for Defendant-Appellant*
*Christian Gaton*
20 Vesey Street, Suite 400
New York, NY, 10007
212-964-3700

Michael A. Young
*Of Counsel*

**U.S. Department of Justice**



*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 6, 2008

**BY FACSIMILE**

Joyce C. London, Esq.
20 Vesey Street, Suite 400
New York, N.Y. 10007

> Re:   **United States v. Christian Gaton,**
>          **S4 02 Cr. 401 (KMW)**

Dear Ms. London:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Christian Gaton ("the defendant") to Count Six of the above-referenced Indictment. Count Six charges the defendant with using, carrying, possessing, and discharging a firearm during and in relation to a crime of violence and a drug trafficking crime, and aiding and abetting the same, thereby causing the death of Celeste Suazo through the use of a firearm, on or about November 6, 1994, in the Bronx, New York, in violation of Title 18, United States Code, Sections 924(j) and 2. Count Six carries a maximum sentence of life imprisonment, a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; a maximum term of five years of supervised release; and a $100 special assessment. In addition to the foregoing, the Court must order restitution in accordance with Sections 3663, 3663A, and 3664 of Title 18, United States Code. The restitution is to be paid according to a plan established by the Court.

In consideration of the defendant's plea to the above offense, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations as to which this Office cannot, and does not, make any agreement) for causing the death of Celeste Suazo through the use of a firearm in November 1994, as charged in Count Six of the Indictment. In addition, at the time of sentencing, the Government will move to dismiss any open Count(s) against the defendant. The defendant agrees that with respect to any and all dismissed charges he/she is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

2008.06

061

Joyce C. London, Esq.
November 6, 2008
Page 2

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G.") Section 6B1.4, the parties hereby stipulate to the following:

    A.    Offense Level

    1.    Because the defendant caused the death of Celeste Suazo through the use of a firearm, and aided and abetted the same, in violation of Title 18, United States Code, Sections 924(j) and 2, which killing was murder as defined in Title 18, United States Code, Section 1111(a), the base offense level is 43, pursuant to U.S.S.G. § 2A1.1.

    2.    Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, an additional one-level reduction is warranted, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 40.

    B.    Criminal History Category

Based upon the information now available to this Office (including representations by the defense), the defendant has two criminal history points, calculated as follows:

    1.    Pursuant to U.S.S.G. § 4A1.1(b), the defendant receives two criminal history points for a conviction dated March 14, 1996, in New York County Supreme Court, for Criminal Possession of a Loaded Firearm in the Third Degree, a Class D Felony, for which the defendant was sentenced to one year of imprisonment.

    2.    In accordance with the foregoing, the defendant's Criminal History Category is II.

    C.    Sentencing Range

Based upon the calculations set forth above, the defendant's stipulated sentencing Guidelines range is 324 to 405 months (the "Stipulated Guidelines Range"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 40, the applicable fine range is $25,000 to $250,000.

2008.06

Joyce C. London, Esq.
November 6, 2008
Page 3

      D.     Other Agreements

      The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Probation Department consider such a departure or adjustment, or suggest that the Court *sua sponte* consider such a departure or adjustment.

      The parties further agree that a sentence within the Stipulated Guidelines Range (324 to 405 months) would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). However, the parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range, suggest that the Probation Department consider a sentence outside of the Stipulated Guidelines Range, and suggest that the Court *sua sponte* consider a sentence outside of the Stipulated Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

      Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this agreement limits the right of the parties (i) to present to the Probation Department or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Sentencing range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above. Nothing in this agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should the defendant move to withdraw his guilty plea once it is entered, or should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this agreement.

      It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Department nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Department or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

2008.06

Joyce C. London, Esq.
November 6, 2008
Page 4

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. The defendant acknowledges that his entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw his plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed (i) that the defendant will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guidelines Range set forth above (324 to 405 months) and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range (324 to 405 months). It is further agreed that any sentence within the Stipulated Guidelines range is reasonable. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation.

The defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, *Jencks* Act material, exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, and impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

By entering this plea of guilty, the defendant also waives any and all right the defendant may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. The defendant fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

The defendant understands that he is bound by his guilty plea regardless of the immigration consequences of the plea and regardless of any advice the defendant has received from his counsel or others regarding those consequences. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on those consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack

2008.06

Joyce C. London, Esq.
November 6, 2008
Page 5

challenging his guilty plea, conviction or sentence, based on the immigration consequences of his guilty plea, conviction and sentence.

It is further agreed that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or

2008.06

Joyce C. London, Esq.
November 6, 2008
Page 6

conditions have been entered into other than those set forth in this Agreement, and none will be
entered into unless in writing and signed by all parties.

Very truly yours,

MICHAEL J. GARCIA
United States Attorney
Southern District of New York

By:

DAVID M. RODY
Assistant United States Attorney
(212) 637-2304

APPROVED:

ELIZABETH MARINGER
Deputy Chief, Criminal Division

AGREED AND CONSENTED TO:

CHRISTIAN GATON                          DATE

APPROVED:

JOYCE C. LONDON, ESQ.                    DATE
Attorney for CHRISTIAN GATON

2008.06

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
vt     Sheet 1

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/30/11

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

CHRISTIAN GATON

)
)
)
)
)
)
)
)
)

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 01: S4 02 CR 401-08 (KMW)

USM Number: 53320-054

Joyce London, Esq. (AUSA David Rody)
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s)    6 (six)

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 924(j)(1) | Discharge of a Firearm in Relation to a Crime of Violence and Drug Trafficking Crime | 11/6/1994 | 6 |

☐ See additional count(s) on page 2

The defendant is sentenced as provided in pages    through 6    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)    underlying indictment    ☑ is    ☐ are dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 29, 2011
Date of Imposition of Judgment

*(signature)*
Signature of Judge

KIMBA M. WOOD, U.S.D.J.
Name of Judge            Title of Judge

6-30-11
Date

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
v)          Sheet 2 — Imprisonment

DEFENDANT: CHRISTIAN GATON                              Judgment Page: 2 of 6
CASE NUMBER: 01: S4 02 CR 401-08 (KMW)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of:

405 months, with credit for time served.  This includes time spent in custody beginning July 17, 2005, the date the defendant
was arrested on these charges.

☑ The court makes the following recommendations to the Bureau of Prisons:            *if needed beg*  KMW
                                                                                      *defendant.*

That the defendant be incarcerated in a facility as close to New York as possible, in a facility that has wheelchair access) The
Court recommends that the defendant receive a medical evaluation at a federal medical center.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____  ☐ a.m.  ☐ p.m.   on _____

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before          on _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____  to _____
a _____ , with a certified copy of this judgment.

                                                    _____
                                                    UNITED STATES MARSHAL

                                                By _____
                                                    DEPUTY UNITED STATES MARSHAL

068

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
vl         Sheet 3 — Supervised Release

DEFENDANT:  CHRISTIAN GATON                                        Judgment Page: 3 of 6
CASE NUMBER:  01: S4 02 CR 401-08 (KMW)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
5 years

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☐   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)  the defendant shall support his or her dependents and meet other family responsibilities;

5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcemnt agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 09/08) Judgment in a Criminal Case
v1          Sheet 3C — Supervised Release

DEFENDANT: CHRISTIAN GATON
CASE NUMBER: 01: S4 02 CR 401-08 (KMW)

Judgment Page: 4 of 6

## SPECIAL CONDITIONS OF SUPERVISION

The standard and mandatory conditions of supervised release apply, along with the following special conditions:

The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol. The Court authorizes the release of available drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the probation officer. The defendant will be required to contribute to the costs of services rendered (copayment) in an amount to be determined by the probation officer, based on ability to pay or availability of third-party payment.

The defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search, on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

The defendant shall obey the immigration laws and comply with the directives of immigration authorities.

The defendant is to report to the nearest Probation Office within 72 hours of release from custody.

The defendant shall be supervised by the district of his residence.

070

AO 245B    (Rev 09/08) Judgment in a Criminal Case
v1    Sheet 5 — Criminal Monetary Penalties

DEFENDANT: CHRISTIAN GATON                               Judgment Page: 5 of 6
CASE NUMBER: 01: S4 02 CR 401-08 (KMW)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgement in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS | $0.00 | $0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

071

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
v1         Sheet 6 — Schedule of Payments

DEFENDANT:  CHRISTIAN GATON                                          Judgment Page: 6 of 6
CASE NUMBER:  01: S4 02 CR 401-08 (KMW)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☑ Lump sum payment of $ ___100.00___   due immediately, balance due

        ☐ not later than _____ , or
        ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B   ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D. or   ☐ F below); or

C   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
        term of supervision; or

E   ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
        imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

1

97GUGATP

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------------x

3   UNITED STATES OF AMERICA

4           v.                              02 CR 401(KMW)

5   CHRISTIAN GATON,

6              Defendant.                   DOC # 179

7   ------------------------------------x

8                                          New York, N.Y.
                                           July 16, 2009
9                                          12:20 p.m.

10

11  Before:

12              HON. JAMES C. FRANCIS IV

13                                         Magistrate Judge

14                  APPEARANCES

15  LEV L. DASSIN
         Acting United States Attorney for the
16       Southern District of New York
    BY:  DAVID M. RODY
17       Assistant United States Attorney

18  JOYCE LONDON
         Attorney for Defendant
19

20  ALSO PRESENT
         Jordan Fox, Spanish Interpreter
21

22

23

24

25

97GUGATP

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ----------------------------------x

3  UNITED STATES OF AMERICA

4          v.                              02 CR 401(KMW)

5  CHRISTIAN GATON,

6               Defendant.

7  ----------------------------------x

8                                        New York, N.Y.
                                         July 16, 2009
9                                        12:20 p.m.

10

11 Before:

12                 HON. JAMES C. FRANCIS IV

13                                        Magistrate Judge

14                      APPEARANCES

15 LEV L. DASSIN
        Acting United States Attorney for the
16      Southern District of New York
   BY:  DAVID M. RODY
17      Assistant United States Attorney

18 JOYCE LONDON
        Attorney for Defendant
19

20 ALSO PRESENT
        Jordan Fox, Spanish Interpreter
21

22

23

24

25

97GUGATP

1      THE DEPUTY CLERK:  This is United States v. Christian
2  Gaton.
3      Counsel, please state your names for the record.
4      MR. RODY:  Good afternoon, your Honor.
5      Dave Rody, for the government.
6      THE COURT:  Good afternoon.
7      MS. LONDON:  Joyce London, for Mr. Gaton.
8      Good afternoon, your Honor.
9      THE COURT:  Good afternoon.
10      I think that the first order of business is to swear
11  in the interpreter.
12      (Spanish interpreter Jordan Fox sworn)
13      THE COURT:  Mr. Gaton, I am Judge Francis.
14      The indictment in this case charges you in Count 6
15  with violation of Title 18 of United States Code, Section
16  924(j) which makes it an offense to use, carry, possess and
17  discharge a firearm in connection with a crime of violence in a
18  drug trafficking crime and with aiding and abetting such
19  conduct.  You have the right to enter your plea before a United
20  States district judge, however, a United States magistrate
21  judge may also take your plea provided that you consent to that
22  procedure.
23      I have before me a consent form.  Have you read and do
24  you understand that form and did you sign it?
25      THE DEFENDANT:  Yes, sir.

97GUGATP

1            THE COURT:  I am going to ask you some questions in
2    connection with your plea.
3            (Defendant sworn)
4            THE COURT:  Please state your full name.
5            THE DEFENDANT:  Christian DeJesus Gaton Ramos.
6            THE COURT:  What is your education?
7            THE DEFENDANT:  I finished high school.
8            THE COURT:  Are you now or have you recently been
9    under the care of a doctor or a psychiatrist for any reason?
10           THE DEFENDANT:  Yes, sir.
11           THE COURT:  For what condition?
12           THE DEFENDANT:  Psychiatric problems.
13           THE COURT:  Psychiatric?
14           THE DEFENDANT:  Yes, sir.
15           THE COURT:  Are you taking any medications?
16           THE DEFENDANT:  Yes, sir.
17           THE COURT:  Do those medications affect your ability
18   to understand these proceedings in any way?
19           THE DEFENDANT:  No.
20           THE COURT:  Does your psychiatric condition itself
21   interfere with your ability to understand these proceedings?
22           THE DEFENDANT:  No, sir.
23           THE COURT:  Have you ever been treated for alcoholism
24   or drug addiction?
25           THE DEFENDANT:  No, sir.

1          THE COURT:  Are you feeling all right today?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  Have you received a copy of the indictment

4     in this case, the document that charges you?

5          THE DEFENDANT:  Yes, sir, I have.

6          THE COURT:  Have you had it translated for you and do

7     you understand what it says that you did?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  Do you need me to read it to you?

10         THE DEFENDANT:  No, sir.

11         THE COURT:  Have you had time to talk to your attorney

12    about the charges and about how you wish to plead?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  Are you satisfied with your attorney?

15         THE DEFENDANT:  Yes, sir.

16         THE COURT:  Are you ready to plead at this time?

17         THE DEFENDANT:  Yes, sir.

18         THE COURT:  What is your plea to Count 6?

19         THE DEFENDANT:  Guilty, sir.

20         THE COURT:  I need to determine whether your plea of

21    guilty is voluntary and whether you fully understand the nature

22    of the charges against you and the possible consequences of

23    your plea, so I am going to ask you some additional questions.

24         MR. RODY:  Judge, may we have one moment?

25         THE COURT:  Sure.

```
 1              (Discussion off the record among counsel)
 2         MR. RODY:  Your Honor, I see that you are moving on
 3    from determining that the defendant is competent to plead, and
 4    both counsel have conferred and we agree with that
 5    determination.  I would like to put one thing on the record in
 6    that connection.  The defendant was evaluated at Butner medical
 7    facility this year in the spring of 2009, and there was a
 8    psychological report prepared.  He was taking a number of
 9    medications before he went down to Butner, and he is still
10    taking some medications now.  I am not exactly sure which ones
11    he is still taking, but I wanted to confirm that he is still
12    suffering no ill effects from the medication that he was on
13    before he went down to Butner.
14         If the Court could inquire on that issue, because that
15    was really the reason that he was sent down to Butner, that the
16    medication he was on before he went down there was, I think,
17    interfering with his ability to understand, for example, a
18    written document.  But it is my understanding, and I believe
19    counsel's understanding, that he is no longer having any such
20    difficulty now.
21         MS. LONDON:  Your Honor, just to add some
22    clarification to that.  The trip to Butner was, in effect,
23    because Mr. Gaton had become pretty much a waste basket for
24    every kind of powerful psychiatric and neuroleptic drug
25    available, and there was no way to get him off of these
```

97GUGATP

1   medications -- or some of these medications -- without a

2   hospital setting.  And I think that he was up to maybe 24

3   medications a day, including anti-seizure and anti-neuroleptic

4   inhibitors and there was a lot of conflicts -- a lot of the

5   drugs have been discontinued, and he is on a small number now.

6   And we can have him affirm to the Court that he is able to

7   think clearly now.

8          THE COURT:  Mr. Gaton, is it correct that before you

9   went to a facility in North Carolina, you were suffering

10  psychiatric effects from the drugs themselves, is that correct?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  And is it also correct that while you were

13  at the facility in North Carolina, they took you off a number

14  of those drugs?

15         THE DEFENDANT:  Yes, sir.

16         THE COURT:  Are you now suffering any of the effects

17  that you had been suffering before you went to the facility at

18  North Carolina?

19         THE DEFENDANT:  No, sir.

20         THE COURT:  Anything else counsel would like to ask?

21         MR. RODY:  No, thank you, Judge.

22         MS. LONDON:  No, thank you.

23         THE COURT:  I remind you, Mr. Gaton, that the charge

24  against you is the use, carrying, possession or discharging of

25  a firearm in connection with a crime of violence and a drug

97GUGATP

1    trafficking crime and aiding and abetting that conduct and,

2    specifically, the discharge of a firearm causing death.

3          The penalty provided by law is a term of imprisonment

4    of up to life, a term of supervised release of up to five

5    years, a maximum fine which is the greatest of $250,000 or

6    twice any gain derived from the offense or twice any loss to

7    persons other than yourself as a result of the offense and a

8    mandatory $100 special assessment.  Do you understand those

9    penalties?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Do you understand that as part of any

12   sentence, the court will require that you make restitution to

13   any victims of the crime?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  Do you also understand that if you are

16   sentenced to prison and released on supervised release and you

17   violate the terms of supervised release, you would be returned

18   to prison without credit for the time spent on supervised

19   release?  Do you understand that?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  Do you understand that if you are not a

22   United States citizen, you would be subject to deportation on

23   the basis of your conviction?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  Do you understand that you have the right

97GUGATP

1   to plead not guilty and the right to a jury trial on these

2   charges?

3           THE DEFENDANT:  Yes, sir.

4           THE COURT:  Do you understand that if you plead not

5   guilty and go to trial, the burden would be on the government

6   to prove your guilt beyond a reasonable doubt?

7           THE DEFENDANT:  Yes, sir.

8           THE COURT:  Do you understand that at a trial you

9   would be presumed innocent until the government proves your

10  guilt?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  Do you understand that at a trial you

13  would have the right to be represented by an attorney at all

14  stages and, if necessary, an attorney would be appointed for

15  you?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  Do you understand that at a trial you

18  would have the right to confront and question any witnesses who

19  testify against you and the right not to be forced to testify

20  against yourself?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Do you understand that at a trial you

23  would be entitled to testify in your own behalf, to present

24  evidence, to call witnesses to testify and to subpoena those

25  witnesses if necessary?

97GUGATP

1    THE DEFENDANT:  Yes, sir.

2    THE COURT:  Do you understand that if you plead

3    guilty, there will be no trial of any kind and the trial

4    related rights that I have just described will no longer apply

5    and the only remaining step will be for the court to sentence

6    you?

7    THE DEFENDANT:  Yes, sir.

8    THE COURT:  Do you understand the nature of the charge

9    to which you are pleading?

10    THE DEFENDANT:  Yes, sir.

11    THE COURT:  Do you understand the range of penalties

12    including the maximum sentence that you would receive on the

13    basis of your plea?

14    THE DEFENDANT:  Yes, sir.

15    THE COURT:  Have you and your attorney talked about

16    how the Sentencing Commission guidelines might apply to your

17    case?

18    THE DEFENDANT:  Yes, sir.

19    THE COURT:  Do you understand that the court will not

20    be able to determine the guidelines for your case until a

21    presentence report has been prepared and you and the government

22    have had the opportunity to challenge any facts reported there?

23    THE DEFENDANT:  Yes, sir.

24    THE COURT:  Do you also understand that after it has

25    been determined what guideline applies to a case, the court has

082

97GUGATP

1     the authority in some circumstances to impose a sentence that

2     is either more severe or less severe than that called for by

3     the guidelines?

4               THE DEFENDANT:  Yes, sir.

5               THE COURT:  Do you understand that under some

6     circumstances you or the government may have the right to

7     appeal any sentence that is imposed?

8               THE DEFENDANT:  Yes, sir.

9               THE COURT:  Do you understand that there is no parole

10    and that if you are sentenced to prison, you will not be

11    released on parole?

12              THE DEFENDANT:  Yes, sir.

13              THE COURT:  Do you understand that the answers you

14    give to me today under oath in the future may be used against

15    you in a prosecution for perjury or false statement if you do

16    not tell the truth?

17              THE DEFENDANT:  Yes, sir.

18              THE COURT:  Do you still wish to plead guilty?

19              THE DEFENDANT:  Yes, sir.

20              THE COURT:  Have any threats been made to you by

21    anyone to influence you to plead guilty?

22              THE DEFENDANT:  No, sir.

23              THE COURT:  Have any promises been made concerning the

24    sentence you would receive?

25              THE DEFENDANT:  No, sir.

THE COURT: I have before me a plea agreement dated November 6, 2008, have you had that plea agreement translated for you, and do you understand it and did you sign it?

THE DEFENDANT: Yes, sir.

THE COURT: Now, that plea agreement sets forth a guideline sentencing range. Do you understand that if you are sentenced within or below that range, you may not appeal or otherwise challenge your sentence?

THE DEFENDANT: Yes, sir.

THE COURT: Do you also understand that you are agreeing that a sentence within that range will be a reasonable sentence under the law?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that you may not appeal or otherwise challenge your conviction on the ground that the government has failed to produce discovery material or information that might tend to prove your innocence?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that you are waiving all rights to require DNA testing of any physical evidence and that, as a result, the government will not preserve such evidence?

THE DEFENDANT: Yes, sir.

THE COURT: Do you also understand that you are bound by your guilty plea regardless of any immigration consequences?

97GUGATP

```
 1              THE DEFENDANT:  Yes, sir.

 2              THE COURT:  Do you understand that if your plea is

 3    vacated for any reason, you are agreeing not to challenge any

 4    future prosecution on the ground that it is time barred?

 5              THE DEFENDANT:  Yes, sir.

 6              THE COURT:  Does the government wish to set forth on

 7    the record the elements that it would prove at trial?

 8              MR. RODY:  Yes, your Honor.

 9              The government would prove first that on or about the

10    dates alleged, the defendant used, carried and possessed a

11    firearm, that he did so during and in relation to a crime of

12    violence and a drug trafficking crime, that he caused the death

13    of a person through the use of that firearm, that that death

14    qualified as a murder and that the defendant acted knowingly,

15    unlawfully and willfully.

16              THE COURT:  Thank you.

17              Mr. Gaton, do you understand that if you were to go to

18    trial, the government would have to prove these elements beyond

19    a reasonable doubt?

20              THE DEFENDANT:  Yes, sir.

21              THE COURT:  Is your plea voluntary and made of your

22    own free will?

23              THE DEFENDANT:  Yes, sir.

24              THE COURT:  Did you commit the offense charged?

25              THE DEFENDANT:  Yes, sir.
```

97GUGATP

1        THE COURT:  Tell me in your own words what you did.

2        THE DEFENDANT:  In November of 1994, I used a weapon

3   in order to shoot a drug dealer named Celeste Suazo in the

4   Bronx.  She died because of those gunshot wounds.  The murder

5   of Ms. Suazo was ordered by Mr. Elvis Espinosa because she was

6   competing with Mr. Espinosa for a sales spot.  I was working

7   for Elvis Espinosa at this selling spot, and I participated in

8   the distribution of more than five kilos of cocaine.  I know

9   that what I was doing was illegal.

10       THE COURT:  Mr. Rody, does the government have any

11  other questions that it wishes to be asked?

12       MR. RODY:  Your Honor, I am thinking.  One moment.

13       THE COURT:  Sure.

14       MR. RODY:  I would request that the Court inquire

15  whether the defendant killed Celeste Suazo on behalf of the

16  organization for which he was working or in furtherance of the

17  organization for which he was working.  He said that it was

18  ordered by Espinosa and he said that he was working for

19  Espinosa.  I wanted to make sure that, in his mind, he was

20  committing the murder on behalf of that organization.

21       THE COURT:  Mr. Gaton, did you in fact commit that

22  murder on behalf of Mr. Espinosa's drug organization?

23       THE DEFENDANT:  Yes, sir.

24       MR. RODY:  Thank you, Judge.

25       THE COURT:  Mr. Rody, do you know any reason why the

97GUGATP

1    defendant should not plead guilty?

2          MR. RODY:  No, Judge.

3          THE COURT:  Ms. London, do you know of such reason?

4          MS. LONDON:  No, your Honor.

5          THE COURT:  I am satisfied that the defendant

6    understands the nature of the charge against him and the

7    consequences of a plea of guilty.  I am also satisfied that the

8    plea is voluntary and knowing and that there is a factual basis

9    for it.  I will therefore recommend that Judge Wood accept the

10   defendant's plea of guilty to Count 6 of the indictment.

11         Do we have a sentencing date?

12         MR. RODY:  There is.  It is October 21, 2009, and I

13   will tell Ms. London the time.  I believe it is 10:30 or 11.

14         THE COURT:  Very well.  A presentence report will be

15   prepared.  Can the government provide the case statement to

16   probation within the next two weeks?

17         MR. RODY:  Yes, your Honor.

18         THE COURT:  And, Ms. London, will you be available for

19   your client's interview within that period?

20         MS. LONDON:  Yes, your Honor.  I wish to be present.

21         THE COURT:  I take it that the defendant is detained.

22   Any application can be taken up with Judge Wood.

23         Thank you.

24         MR. RODY:  Thank you, Judge.

25                    o    0    o